**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

IN THE MATTER OF:

    Matthew Scott Frye,                              CASE NO. 09-35662
    and Sonia Renee Frye,                         JUDGE: Opperman
                                                                 CHAPTER 7
    Debtors.
_____/

**DEBTOR'S ANSWER TO TRUSTEE'S MOTION FOR**
**AUTHORITY TO SELL DEBTOR'S ANNUITY TO**
**SAMPO INVESTMENTS, LLC**

    NOW COME the Debtors, Matthew Scott Frye and Sonia Renee Frye, by and through their counsel, John K. Folts, P.C., and in answering the Trustee's Motion states:

    1.    Admitted

    2.    Admitted

    3.    Admitted

    4.    Neither admitted nor denied and the trustee is left to her proofs, but in further answering the Debtors state that the annuity was purchased to provide income that is necessary for the ability of the Debtors to meet current and future financial responsibilities as a result of a settlement involving permanent injury to Debtor, Matthew Frye.

    5.    Neither admitted nor denied as to the trustee's agreement, but in further answering the Debtors believe that they should have the right to purchase the asset at the amount currently offered giving them a right of first refusal in order to match the offer. The Debtors will be irreparably harmed if they are not allowed to purchase the annuity as they rely on it for income and will be unable to meet their current financial obligations without that income.

    6.    Neither admitted nor denied as to the offer and the trustee is left to her proofs, but in further answering the annuity is worth more to the Debtor as it is payable during his lifetime which he believes will be longer than September 20, 2015 and therefore allowing the Debtors to provide the trustee with payment of the $82,000.00

7. Neither admitted nor denied, but in further answering the Debtor should be allowed a reasonable time to provide the trustee with an equivalent payment or allow this matter to be converted to a Chapter 13 where the Debtor can pay the amount due to creditors in a recovery over a fixed time period.

8. Neither admitted nor denied and the trustee is left to her proofs.

9. Denied for the reason that it is untrue as the estate can receive the same proceeds to be provided on behalf of the Debtors and that no creditor shall be harmed, but if the sale is allowed the Debtors will be unable to have enough income to make current obligations including the monthly mortgage payment on the Debtor's residence which ultimately will lead to less funds available for all unsecured creditors.

10. Neither admitted nor denied and the trustee is left to her proofs.

11. Neither admitted nor denied and the trustee is left to her proofs.

12. Neither admitted nor denied as it is a statement of what the trustee is seeking and in further answering the Debtor states that they seek an order allowing them to obtain a loan to pay the trustee the amount in question or in the alternative obtain a gift that can be used to pay the trustee the amount necessary to make the creditors whole.

WHEREFORE, the Debtors pray that this honorable court deny the trustee's request to have an order submitted allowing the sale of the annuity pursuant to offer to purchase as was submitted as her Exhibit A, allow the Debtors to match the offer made and/or convert this matter to a Chapter 13 case to allow them to repay monies that may be necessarily owed as a result of a right of the creditors to receive payment in a Chapter 7 case and grant any other relief this honorable court deems just and proper.

Respectfully submitted,

John K. Folts
G-5161 E. Court Street, North
Burton, Michigan 48509
(810) 743-8945
P-50953
pattyj_bfplaw@comcast.net